UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
**F I L E D**

AUG 2 8 2006

AT PIKEVILLE
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

CIVIL ACTION NO. 05-293-GWU

SAM P. LITTLE,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Little

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.   If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.   Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Little

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Sam P. Little, was found by an Administrative Law Judge (the ALJ) to have "severe" impairments consisting of low back pain, depression, and borderline intellectual functioning. (Tr. 16). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Little retained the residual functional capacity to perform a significant number of jobs existing in the economy and, therefore, was not entitled to benefits. (Tr. 18-21). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if he were capable of "light" level exertion, and also had the following non-exertional impairments. (Tr. 435). He: (1) would need the option of sitting or standing at 30 minute intervals; (2) needed to avoid all hazards; (3) had a "moderately limited" ability to understand, remember, and carry out detailed instructions, to maintain

7

attention and concentration for extended periods, to complete a normal workday and workweek without interruptions from psychologically-based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods, to accept instructions and respond appropriately to criticism from supervisors, and to respond appropriately to changes in the work setting. (Id.). The ALJ also specified that the hypothetical individual could understand and follow short and simple instructions, maintain attention for simple, routine tasks, relate to co-workers, supervisors, and the public in simple, task-oriented settings, and retained the ability to respond to changes in simple, task-oriented settings. (Id.). The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 435-6).

On appeal, this Court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence, and that they fairly depict the plaintiff's condition.

The ALJ adopted functional limitations from a prior, final administrative decision dated May 27, 2003 (Tr. 33-40), which was subsequently affirmed in a District Court decision. Little v. Social Security Administration, Pikeville Civil Action No.04-21-KKC (E.D. Ky. November 5, 2004). The plaintiff filed his current application for SSI on June 11, 2003 (Tr. 67-70), which is the earliest date that he would be eligible for benefits.

8

Little

The plaintiff failed to show by medical evidence that his conditions, which he
testified included severe low back pain, numbness in his hands, torn ligaments in his
knee, diabetes, depression and nerves (Tr. 421-7), had worsened since the prior
decision.

Evidence from after the current application date of June 11, 2003 includes a
consultative physical examination by Dr. Mark Carter on August 27, 2003. (Tr. 212).
Dr. Carter's examination showed that the plaintiff was obese, but he had a normal
station and gait, was able to get up and down without difficulty, bend forward 70
degrees at the waist, had negative straight leg raising, and no tenderness or spasm.
(Tr. 213-14). Dr. Carter did note a positive median nerve compression test and
possible carpal tunnel syndrome in the right wrist, but did not assess any functional
limitations. (Tr. 214-15). A state agency physician, Dr. Gary Higgason, who
subsequently reviewed the evidence, completed a functional capacity form that was
consistent with the ALJ's hypothetical question. (Tr. 295-303). Records from the
Appalachian Regional Hospital-McDowell (ARH) Emergency Room in 2003 reflect
complaints of low back pain and right shoulder pain, but x-rays of the right shoulder
were normal. (Tr. 237-41, 414-17). The ALJ noted that Dr. Carter had found the
plaintiff's arm and hand movements to be normal (Tr. 213) and concluded that there
was "no evidence to suggest that the claimant has significant work-related limitations

9

Little

relative to possible carpal tunnel" (Tr. 16). The plaintiff does not challenge this conclusion on appeal.

As far as his mental condition was concerned, the plaintiff was seen on several occasions at the Mountain Comprehensive Care Center, with complaints of pain, depression, anxiety, and poor sleep. (Tr. 308-11). On being evaluated by the staff psychiatrist in November, 2003, he was noted to be oriented, had normal speech, no suicidal or homicidal ideation, and was described as"pleasant" although he complained he became "aggravated," and was assessed to have "fair/poor" insight. (Tr. 305-6). The psychiatrist diagnosed a pain disorder, insomnia, and depressive disorder and rule out "BMR,"[1] and assessed a current Global Assessment of Functioning (GAF) score of 65. (Tr. 305). A GAF score of 65 reflects only moderate symptoms per the Diagnostic and Statistical Manual of Mental Disorders (Fourth Edition-Text Revision), p. 34. The psychiatrist prescribed Seroquel and Trazodone as needed for sleep. No functional restrictions were suggested. This treating source also noted that the plaintiff had a history of noncompliance with treatment. (Tr. 305). Non-examining state agency

_____

[1]"BMR" may mean "borderline mental retardation," although it is unclear. Prior intellectual testing had reportedly shown a verbal IQ of 71, a performance IQ of 74, and a full scale IQ of 70. (Tr. 233). A state agency reviewer assessed borderline intellectual functioning (Id.), which was accepted by the ALJ as a "severe" impairment.

10

ALJ's hypothetical question. (Tr. 231-2, 362-4). Therefore, substantial evidence supports the ALJ's choice of hypothetical mental factors.

The plaintiff's only argument on appeal is that the ALJ failed to consider a third party function report from the plaintiff's sister (Tr. 114-22), citing 20 C.F.R. Section 416.913(d)(4). This section provides that an ALJ must consider evidence from non-medical sources, such as relatives. The case of Lashley v. Secretary of Health and Human Services, 708 F.2d 1048 (6th Cir. 1983) also holds that "[p]erceptible weight must be given to lay testimony where . . . it is fully supported by the reports of the treating physicians." Id. at 1054. However, it is not clear how failing to consider this report prejudiced the plaintiff's case. The plaintiff's sister, Carol Mullins, wrote that she did not spend much time with her brother, and she did not know his daily activities, although he did take care of his wife and children and dogs, and that he prepared his own meals and did some cleaning and was able to drive and shop. (Tr. 114-17). She did state that the plaintiff handled stress poorly and became very angry at little things at times, thought "everyone's against him" (Tr. 118-20), and that the times she did see him he was tired, became angry and rude, and was distractible (Tr. 121). However, the plaintiff testified to the same types of mental problems at the administrative hearing (Tr. 424-5) and also to his treating sources at Mountain Comprehensive Care (Tr. 305-6, 310). The medical sources did not indicate any functional restrictions that were inconsistent with the hypothetical

11

Little

question. The Court in Wilson v. Commissioner of Social Security, 378 F.3d 541 (6th Cir. 2004) made it clear that, even when there has been a violation of procedural steps required by regulation (not necessarily established in the present case) a violation can constitute harmless error, where it is de minimis and "a remand would be an idle and useless formality." Id. at 547 (citation omitted). Such would be the case here.

The decision will be affirmed.

This the  $25$  day of August, 2006.

G. WIX UNTHANK
SENIOR JUDGE

12